Filed 3/24/26  P. v. Ramirez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSE ACEVEDO RAMIREZ, <br><br> Defendant and Appellant. | D085563 <br><br> (Super. Ct. No. SCN427319) |

APPEAL from a judgment of the Superior Court of San Diego County, Saba Sheibani, Judge.  Affirmed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Robin Urbanski, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

Jose Acevedo Ramirez appeals from his conviction of child abuse arising from an incident in which a firework that Ramirez had provided exploded in the hand of a minor, destroying most of the child's hand and ultimately requiring its amputation.  He contends the trial court erred in failing to instruct the jury as to the multiple causes of the victim's injury.

For the reasons we discuss below, we agree that the trial court erred in its instruction to the jury, but we conclude the error was harmless and accordingly affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On a summer afternoon in 2021, Ramirez drove to a skatepark in Vista and opened his trunk, which contained a number of fireworks. A group of teens gathered. Ramirez lit one firework, which shot off into the air above them. He then brought out a second firework. Some witnesses testified that the second firework appeared to be "broken" because it didn't have the same stick attached as the first one did. There was conflicting testimony as to whether Ramirez directly handed the second firework to 14-year-old Rafael E., stating something to the effect, "if you want to die, light this firework," or whether it had been "passed around between a few other people" in the group before it ended up in Rafael's hands. Rafael testified that he wanted to light it so Rafael took his lighter out of his pocket and put it to the short fuse on the firework. As soon as his lighter sparked near the fuse, the firework exploded in his hand After Rafael was airlifted to a hospital, his right hand was amputated near the wrist.

The prosecution charged Ramirez with violations of Penal Code section 273a subdivision (a),[1] child abuse likely to produce great bodily harm, physical pain or mental suffering (count 1); Health and Safety Code section 12305, possession of an explosive (count 2), and Health and Safety Code section 12689, subdivision (a), giving dangerous fireworks to a person under 18 years of age (count 3). Count 3 was dismissed prior to trial. Count 1 also included two allegations, pursuant to sections 12022.7, subdivision (a), and

---

[1]     Further undesignated statutory references are to the Penal Code.

1192.7, subdivision (c)(8), each of which alleged that Ramirez personally inflicted great bodily injury upon Rafael.

In closing argument, defense counsel focused on causation:

> "So the act that Mr. Ramirez, according to Rafael, did was to offer something, to outstretch his hand, that's the act. That act did not cause the injury. Right? Just extending it did not cause the injury. [¶] Rafael taking it, that wasn't the cause of the injury. [¶] He took it because he wanted to light it. He had his own lighter. Didn't get that from Mr. Ramirez. [¶] Mr. Ramirez didn't suggest to him, Hey, go light this firework and go put it on a car. No. That was all on his own."

He further argued that:

> Mr. Ramirez's act "did not cause this. This was the direct result of decisions Rafael made . . . ." "What's the act? Passing the firework over did not cause the injury. What came after that did."

The prosecutor also argued causation, stating that the relevant act was Ramirez "providing the firework to Rafael" and Ramirez's "criminal negligent act of providing the firework to the child" caused Rafael's injury.

The court instructed the jury as to the elements of child abuse using CALCRIM No. 821.[2] Further, the court instructed the jury as to causation, using part, but not all of CALCRIM No. 240, as follows:

> "An act causes injury if the injury is the direct, natural, and probable consequence of the act and the injury would not have happened without the act. [¶] A natural and

[2] Specifically, the court instructed the jury: "The defendant is charged in Count 1 with child abuse likely to produce great bodily harm in violation of Penal Code section 273a(a). To prove the defendant is guilty of this crime, the People must prove that the defendant: [¶] Willfully caused or permitted a child to suffer unjustifiable physical pain or mental suffering; the defendant caused or permitted the child to suffer under circumstances or conditions likely to produce great bodily harm; and the defendant was criminally negligent when he caused or permitted child to suffer."

3

probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. [¶] In deciding whether a consequence is natural and probable, consider all the circumstances established by the evidence."

During deliberations, the jury sent a note asking for the definition of "personally inflicted great bodily injury" referenced in the allegations in count 1, and the court responded that phrase meant that "the defendant must be the direct rather than proximate cause" of Rafael's injuries.

The jury convicted Ramirez of count 1–child abuse, and count 2–possession of an explosive device. But it did not reach a verdict as to the allegations that Ramirez personally inflicted great bodily injury on the victim.

The court sentenced Ramirez to four years' probation with one year in custody stayed pending successful completion of probation.

Ramirez timely appealed.

## DISCUSSION

Ramirez argues that the trial court erred because it failed to instruct the jury as to the second paragraph of CALCRIM No. 240, dealing with multiple potential causes of an injury.

Specifically, CALCRIM No. 240 consists of two paragraphs. The first paragraph provides that: "An act causes injury if the injury is the direct, natural, and probable consequence of the act and the injury would not have happened without the act. A *natural and probable consequence* is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all the circumstances established by the evidence." As noted *ante*, the court instructed the jury with this language.

4

However, the court did not instruct the jury with the second, bracketed paragraph of the instruction. The second paragraph continues, "There may be more than one cause of injury. An act causes injury only if it is a substantial factor in causing the injury. A *substantial factor* is more than a trivial or remote factor. However, it does not have to be the only factor that causes the injury." (CALCRIM No. 240.) Ramirez contends in this appeal that the trial court erred in omitting the second paragraph of the instruction.

At trial, Ramirez's counsel did not object to the court's decision to omit the second paragraph. However, the failure to object before the trial court does not preclude Ramirez from raising the instructional issue on appeal.

" ' "[T]he trial court normally must, even in the absence of a request, instruct on general principles of law that are closely and openly connected to the facts and that are necessary for the jury's understanding of the case." [Citation.] In addition, "a defendant has a right to an instruction that pinpoints the theory of the defense . . . ." ' " (*People v. Bivert* (2011) 52 Cal.4th 96, 120 (*Bivert*).) We independently review claims of instructional error. (*People v. Jones* (2024) 105 Cal.App.5th 83, 97.)

As an initial matter, we note that the Bench Notes for CALCRIM No. 240 provide that, "If there is evidence of multiple potential causes, the court should also give" the second paragraph. (See *People v. Sanchez* (2001) 26 Cal.4th 834, 845 [jury was properly instructed that "[w]hen the conduct of two or more persons contributes concurrently as a cause of the death, the conduct of each is a cause of the death if that conduct was also a substantial factor contributing to the death"].)

As Ramirez correctly notes, the case against Ramirez involved "multiple potential causes" and the causation element "was strongly disputed." There was no dispute that Ramirez provided the firework or that

the firework seriously injured Rafael.  The primary disputes in the case involved the various factors that contributed to explosion and injury.  For example, there was evidence that the firework that exploded in Rafael's hand was defective and that someone other than Ramirez handed Rafael the firework.  Rafael testified that he made the decision to light the firework and used his own lighter to do so.  Both counsel argued the significance of the causation issue to the jury.  Moreover, the jury's note to the court as to the meaning of personally inflicting injury suggests that the deliberating jury was wrestling with the causation issue, and the court's response to the jury note highlighted causation when it distinguished direct cause from proximate cause.

On this record, we conclude that the court erred in failing to instruct the jury, sua sponte, as to the multiple potential causes of Rafael's injuries.  The multiple causation issue was " ' "closely and openly connected to the facts," ' " the instruction would have been " ' "necessary for the jury's understanding of the case" and Ramirez had "a right to an instruction that pinpoints the theory of the defense . . . ." ' " (*Bivert, supra,* 52 Cal.4th at p. 120.)

Having found error, we consider whether the court's omission of a portion of the causation instruction constituted harmless error, i.e., whether it is clear beyond a reasonable doubt that a rational jury would have reached the same verdict had it received the bracketed second paragraph of CALCRIM 240.  (*People v. Oyler* (2025) 17 Cal.5th 756, 838 (*Oyler*).  To do so, we have thoroughly reviewed the record.  (See *id.,* p. 839).  Our review persuades us, beyond a reasonable doubt, that the verdict would have been the same.

6

Most of the relevant evidence was undisputed. The defense did not attempt to show that Ramirez was not the person at the skatepark that day or that he had not provided the firework that blew up in Rafael's hand. (Cf. *Oyler, supra,* 17 Cal.5th at p. 841 ("Although defendant did not expressly concede that whoever started the Esperanza Fire killed the firefighters, the issue was effectively uncontested.") Here, the undisputed facts establish that Ramirez's act of providing a firework to a group of teens was a substantial factor in causing the injury to Rafael. Even if the firework were not defective, even if it had been passed around before ending up in Rafael's possession, and even if the injury would not have occurred if Rafael had refrained from igniting it, the fact remains that Rafael would not have been injured that afternoon if Ramirez had not brought the firework to the skatepark and handed it off to the teens. Providing the explosive device was not trivial or remote; and as the omitted instruction makes clear, Ramirez's action did not have to be the *only* factor that caused Rafael to lose his hand in the explosion but simply a substantial factor. Interestingly, it appears that the jury was able to recognize the "substantial factor" distinction when it convicted him of child abuse (i.e. proximately causing Rafeal's injury) but declined to find true the allegations that Ramirez *personally inflicted* the injury.

On similar facts, our Supreme Court in *Oyler* concluded that an omitted instructional element was harmless beyond a reasonable doubt. Oyler had been convicted of igniting a blaze that ultimately killed five firefighters. In considering the omission of a portion of an instruction on felony murder, the court noted that "[t]he prosecution's evidence that the Esperanza Fire directly caused the firefighters' deaths was overwhelming and unchallenged." (*Oyler, supra,* 17 Cal.5th at p. 841.) After summarizing such evidence, it concluded beyond a reasonable doubt "that the victims'

deaths were the direct, natural, and probable consequence of the act of intentionally setting the Esperanza Fire, and their deaths would not have happened without that act." (*Ibid.*)

So too here. Rafael's serious injury was a direct, natural and probable consequence of Ramirez's action in handing off a firework to a group of teens, and Rafael would not have been injured if Ramirez had not done so. Accordingly, we conclude beyond a reasonable doubt that the court's error in omitting the second paragraph of CALCRIM No. 240 was harmless error.

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.

8